IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TIKI M. KILLIAN**                                                                                                **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 3:23-cv-483-KHJ-MTP**

**TOM'S KING LLC**                                                                                        **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2]. Having considered Plaintiff's submissions, the undersigned recommends that the Motion [2] be denied and Plaintiff be directed to pay the filing fee.

On July 25, 2023, Plaintiff filed her Complaint [1], along with her Motion for Leave to Proceed *in forma pauperis* [2]. The Court has sufficient information before it to evaluate Plaintiff's financial status.

In making the IFP determination, the Court may consider the total monetary resources available to assist Plaintiff. "There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees. *See Barnes v. Secretary, Dept. of Treasury*, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010). The Court must examine the Plaintiff's financial condition in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau*

1

*Rivage*, 2009 WL 3431457 (S.D. Miss. 2009). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Id*. (citing *Willard v. United States*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969)).

A review of the financial information submitted reflects that Plaintiff's total monthly income is $1,265.00. Thus, Plaintiff's annual income is $15,180.00. Plaintiff lists one dependent, her daughter. Plaintiff's annual income is below the $19,720.00 applicable poverty guideline for a two-person household.[1]

Plaintiff, however, owns a home worth $409,703.00. She also owns a 2019 Lincoln MKX worth $26,000.00 and a 2017 Lincoln Continental worth $33,000.00. Plaintiff states that she has $75.00 in cash "on hand," but she indicates that questions concerning the amount of money she has in bank accounts or other financial institutions are "NA"—not applicable. On the contrary, such information is highly relevant. Nevertheless, Plaintiff's listed assets provide the Court sufficient information to evaluate Plaintiff's financial status.

Plaintiff's monthly expenses exceed her current income, but Courts have denied IFP applications even where the plaintiffs' expenses exceed their income. *See Slaughter v. Vilsack*, 2013 WL 1704909 (M.D. Ga. April 19, 2013). "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *McCoy v. Colvin*, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013). Under the circumstances presented, Plaintiff should not be permitted to proceed at taxpayer expense. The record demonstrates that Plaintiff's financial status should allow her to pay the filing fee in order to commence this action without undue hardship if given a reasonable amount of time to tender the requisite amount.

---

[1] *See* Annual Update of the HHS Poverty Guidelines, 88 Fed. Reg. 3424 (Jan. 19, 2023).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2] be DENIED.

2. Plaintiff be given sixty (60) days to pay all of the costs associated with the filing of this lawsuit.

3. Should Plaintiff fail to timely pay all of the costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 31st day of July, 2023.

        s/Michael T. Parker
        UNITED STATES MAGISTRATE JUDGE